UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER LISOWSKI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART STORES, INC., t/d/b/a WALMART,<br><br>Defendant. | No.   2:20-cv-1729<br><br>Electronically Filed |

## NOTICE OF REMOVAL

Defendant Walmart Inc. (incorrectly named Walmart Stores, Inc.) ("Walmart") removes this action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania. Removal is based on 28 U.S.C. § 1332 and § 1441, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA") and authorized by 28 U.S.C. § 1453.

As grounds for removal, Walmart states as follows:

## BACKGROUND

1. This putative class action was commenced by a Complaint filed on October 7, 2020 in the Court of Common Pleas of Allegheny County and docketed at No. GD-20-10605. The Complaint and its exhibits are attached as Exhibit A.

2. According to Plaintiff's Affidavit of Service, Walmart was served with Plaintiff's Complaint on October 13, 2020. This Notice of Removal is filed within thirty days of service and is therefore timely under 28 U.S.C. § 1446(b)(1) and Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, as well as *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

3. Plaintiff Christopher Lisowski is citizen of the Commonwealth of Pennsylvania and resides at 225 17th Street Pittsburgh, Pennsylvania 15215.

4. Defendant Walmart is a Delaware corporation with its principal executive offices located at 702 S.W. 8th Street, Bentonville, Arkansas. Walmart is thus a citizen of Delaware and Arkansas for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

5. The Complaint's allegations make clear that removal of the action to this Court is proper under CAFA, because the putative class is numerous; the parties are minimally diverse; and the amount-in-controversy unquestionably exceeds $5 million.

## THE ALLEGATIONS OF THE COMPLAINT

6. The Complaint alleges that Mr. Lisowski purchased two 6-packs of "5-Hour Energy" drinks at a Walmart store in Pittsburgh, Pennsylvania on December 29, 2019, and September 14, 2020, respectively. Complaint ¶¶ 5, 8.

7. The Complaint asserts that Mr. Lisowski was charged sales tax of $0.94 on each sale. *Id.* ¶¶ 6, 9.

8. The Complaint contends that, under 61 Pa. Code § 58.1, "Dietary Supplements and Substitutes" are exempt from sales tax in Pennsylvania. *Id.* ¶¶ 12–13.

9. The Complaint states that "Walmart charged Plaintiff sales tax on Plaintiff's purchases of dietary supplements, and thus overcharged Plaintiff and, it is believed, the other consumer Class Members, for their purchases." *Id.* ¶ 14.

10. Plaintiff asserts a variety of Pennsylvania common law and statutory claims against Walmart based on these limited allegations. Count I alleges that "Walmart has converted and/or misappropriated funds belonging to Plaintiff Lisowski and the other members of the Class in an amount not yet known, but believed to exceed at least a million dollars." *Id.* ¶ 20. The Complaint

also alleges that Walmart "benefited from these overcharges since it was entitled to receive a kick-back or commission equal to 1% of taxes of improperly charged by virtue of Section 7227 of the Pennsylvania Tax Code, 72 P.S. § 7227." *Id.* ¶ 23.

11. Count II alleges that, "[b]y collecting more from consumers that it was entitled to collect, and to the extent it failed to remit improperly charged sales tax or otherwise benefited from its improper actions," Walmart was "unjustly enriched." *Id.* ¶ 27.

12. Count III purports to state a claim for breach of constructive trust Walmart allegedly created when it received payment of sales taxes. *Id.* ¶¶ 30–34.

13. Count IV alleges violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.* ("UTPCPL"), "(a) [b]y representing that the goods sold by Defendant Walmart have characteristics (i.e., that they are taxable) that they do not have, in violation of 73 P.S. § 201-2(4)(b); (b) [b]y engaging in deceptive conduct which creates a likelihood of confusion and misunderstanding in structuring its receipts in such a way that a typical consumer (and, upon information and belief, Walmart's own tax manager) is unaware of what items purchased were properly subject to taxation, even after the item is purchased and payment is tendered; and (c) [b]y engaging in deceptive conduct which creates a likelihood of confusion and misunderstanding with respect to what constitutes proper charges to customers purchasing goods in Pennsylvania, in violation of 73 P.S. § 201-2(4)(xxi)." *Id.* ¶¶ 36, 37.

## CLASS ALLEGATIONS

14. The Complaint purports to be brought on behalf of a putative class of "all individuals who: (a) on or after October 7, 2014, purchased any dietary supplement from either a Walmart or Sam's Club store in Pennsylvania, online from Walmart.com, or online from

samsclub.com in Pennsylvania, and (b) was charged or paid sales tax on the purchase price of that dietary supplement." *Id.* ¶ 41.

15. Plaintiff asserts that the putative class "numbers in the tens of thousands, and perhaps in the hundreds of thousands." *Id.* ¶ 44.

## **JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

16. Removal to federal district court is proper under CAFA where (1) the amount in controversy "exceeds $5,000,000, as aggregated across all individual claims;" (2) there are "minimally diverse parties;" and (3) the "class consist[s] of at least 100 or more members." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014) (citing 28 U.S.C. § 1332(d)(2), (5)(B), (6); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013)).

17. <u>Amount in Controversy.</u>  The CAFA amount in controversy is calculated by aggregating the claims of the entire putative class.  28 U.S.C.A. § 1332 (d)(6).  For the avoidance of doubt, Walmart denies that Plaintiff or any putative class member is entitled to recover in any amount, and specifically denies that Plaintiff or any putative class member is entitled to relief in the various forms and amounts sought.  Nevertheless, the Complaint's allegations of the putative class and the relief sought place an aggregate amount in controversy of more than $5,000,000, exclusive of interest and costs.

18. The Complaint purports to be brought on behalf of a putative class "of all individuals who: (a) on or after October 7, 2014, purchased any dietary supplement from either a Walmart or Sam's Club store in Pennsylvania, online from Walmart.com, or online from samsclub.com in Pennsylvania, and (b) was charged or paid sales tax on the purchase price of that dietary supplement."  Complaint ¶ 41.

4

19. Plaintiff alleges that Walmart owns and operates at least 131 Walmart and Sam's Club stores in Pennsylvania. *Id.* ¶ 2. Plaintiff also alleges that "Walmart makes millions of dollars in sales in the Commonwealth of Pennsylvania which involve the sale of dietary supplements including, but not limited to, brands such as '5-Hour Energy' supplements." *Id.* ¶ 3.

20. Plaintiff brings claims based on a variety of theories and seeks remedies including actual damages, punitive damages, treble damages, costs, interest, attorneys' fees, and injunctive relief. *See id.* ¶¶ 19–39.

21. Plaintiff specifically alleges that "at least a million dollars" has been converted and/or misappropriated by Walmart. *Id.* ¶ 20.

22. Plaintiff also claims statutory violations of unfair trade practices. *Id.* ¶ 37. Each violation under the UTPCPL carries a penalty of "actual damages or $100 per violation, whichever is greater, trebled plus costs, interest and attorneys' fees." *Id.* ¶ 39 (quoting 73 P.S. § 201-9.2).

23. Attorney's fees are also considered in the calculation of the amount-in-controversy. *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997); *Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 228 (3d Cir. 2019).

24. Plaintiff asserts that "the Class numbers in the tens of thousands, and perhaps in the hundreds of thousands." Complaint ¶ 44.

25. For a putative class alleged to be in the "tens of thousands, and perhaps in the hundreds of thousands" the statutory liability alone totals *at least* $6,000,000 (20,000 class members × $100 × 3). *Id.* ¶ 44. *See Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 79 (3d Cir. 2011) (considering treble damages in calculation of amount-in-controversy). This number is in addition to the minimum $1,000,000 in alleged overcharges.

26. A "median recovery range for attorney's fees" of 30% on the $7,000,000 outlined above equals $2,100,000. *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 358 n.1 (3d Cir. 2015).

27. Based on the allegations in the Complaint, the amount-in-controversy exceeds $9,000,000.

28. If Plaintiff's allegation that the class may well number "in the hundreds of thousands" is accepted, then the actual amount-in-controversy is exponentially higher.

29. Additionally, based on its sales records, Walmart has made more than 16,667 discrete sales of 5-Hour Energy drinks since October 2014, when the alleged class period began.[1]

30. <u>Citizenship of Parties.</u>  Plaintiff is a citizen of Pennsylvania.  Complaint ¶ 1. Walmart is a citizen of Delaware and Arkansas for the purposes of 28 U.S.C. § 1332(c)(1).

31. Thus, removal is proper under CAFA because at least one class member is a citizen of a different state than the defendant.  28 U.S.C. § 1332(d)(2)(A).

32. <u>Number of Proposed Class Members</u>.  The numerosity requirement is met as the putative class exceeds 100.  *See* Complaint ¶ 44 ("the Class numbers in the tens of thousands, and perhaps in the hundreds of thousands…the Class is numerous.").

## PROCEDURAL REQUIREMENTS

33. <u>Removal to Proper Court.</u> This case was filed in Allegheny County, Pennsylvania, which is within this Court's "district and division" under 28 U.S.C. § 1446(a).

---

[1] To be sure, given that the Complaint is not limited to claims based on sales tax charged on "5-Hour Energy" branded drinks alone, but also for "any dietary supplement," a more accurate calculation on the products of concern necessitates further clarification from Plaintiffs regarding scope.  Complaint ¶ 3.

34. <u>Timely Removal.</u> Plaintiff served the Complaint on Walmart on October 13, 2020. Therefore, this Notice is timely filed within the requirements set forth in 28 U.S.C. § 1446(b).

35. <u>Pleadings and Process.</u>  The Complaint is attached as Exhibit A.  Also attached as Exhibit B are copies of all process, pleadings, and orders served on Walmart in this action.  28 U.S.C. § 1446(a).

36. <u>Notice.</u>  Exhibit C contains a copy of the Notification of Filing of Notice of Removal, which will be promptly served on Plaintiff's counsel and filed with the Clerk of the Court of Common Pleas, Allegheny County, Pennsylvania under 28 U.S.C. § 1446(d).

37. <u>Signature.</u>  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

38. <u>Consent.</u>  Walmart is the sole defendant in this action and therefore no additional consent is necessary.

39. For these reasons, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), and the claims may be removed to this Court under 28 U.S.C. § 1453.

WHEREFORE, Defendant Walmart, Inc. requests that this action be removed from the Court of Common Pleas of Allegheny County to the United States District Court for the Western District of Pennsylvania.

Date: November 10, 2020                                   Respectfully submitted,

                                                                 By: */s/ Michael P. Pest*
                                                                 Thomas E. Sanchez (Pa. I.D. No. 311199)
                                                                 Michael P. Pest (Pa. I.D. No. 312025)
                                                                 ECKERT SEAMANS
                                                                 CHERIN & MELLOTT, LLC
                                                                600 Grant Street, 44th Floor
                                                                Pittsburgh, PA 15219
                                                                (412) 566-6000 (telephone)
                                                                (412) 566-6099 (facsimile)
                                                                tsanchez@eckertseamans.com

mpest@eckertseamans.com

Suyash Agrawal (*pro hac vice* forthcoming)
MASSEY & GAIL LLP
50 E. Washington Street – Suite 400
Chicago, Illinois 60602
(312) 283-1590 (telephone)
(312) 379-0467 (facsimile)
sagrawal@masseygail.com

Kathryn Robinette (*pro hac vice* forthcoming)
MASSEY & GAIL LLP
1000 Maine Ave. SW – Suite 450
Washington, D.C. 20024
(202) 652-4511 (telephone)
(312) 379-0467 (facsimile)
krobinette@masseygail.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Defendant Walmart Inc.'s Notice of Removal has been served upon Plaintiff at the address set forth below via regular mail and email this 10th day of November, 2020:

>Frank G. Salpietro, Esq.
>Emily E. Town, Esq.
>Rothman Gordon, P.C.
>310 Grant Street - Third Floor
>Pittsburgh, PA 15219
>fgsalpietro@rothmangordon.com
>etown@rothmangordon.com
>
>Steffan T. Keeton, Esq.
>The Keeton Firm LLC
>10 South Commons - Suite 102
>Pittsburgh, PA 15212
>stkeeton@*keetonfirm*.com

/s/ *Michael P. Pest*
Michael P. Pest