## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER LISOWSKI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART STORES, INC., t/d/b/a WALMART,<br><br>Defendant. | No. 2:20-cv-01729-NR |

### DEFENDANT WALMART INC.'S MOTION TO DISMISS

Defendant Walmart Inc. (incorrectly named Walmart Stores, Inc.), by and through its undersigned counsel, respectfully submits this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and states the following in support:

1.      Plaintiff Christopher Lisowski initiated this action by filing a Complaint against Walmart in the Court of Common Pleas of Allegheny County on October 7, 2020.

2.      After Walmart was served with the Complaint on October 13, 2020, Walmart timely filed its Notice of Removal in this Court on November 10, 2020 (which the Clerk's Office docketed on November 12, 2020).

3.      Mr. Lisowski's Complaint purports to assert four claims against Walmart: (1) conversion and misappropriation (Count I); (2) unjust enrichment (Count II); (3) breach of constructive trust (Count III); and (4) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

4.      Mr. Lisowski's purported claims are subject to dismissal for several, independently dispositive reasons.

5.      First, the voluntary payment doctrine bars all of the Complaint's claims.

6. Second, Mr. Lisowski's purported common law claims fail under Pennsylvania's statutory exclusivity rule, 1 P.S. § 1504.

7. Third, Mr. Lisowski's purported UTPCPL claim fails as a matter of law because Mr. Lisowski has failed to allege plausible violations of the UTPCPL.

8. Fourth, the economic loss doctrine bars Mr. Lisowski's purported UTPCPL claim.

9. For these reasons, which are discussed at length in the accompanying Brief in Support, Mr. Lisowski's Complaint is subject to dismissal with prejudice.

10. Walmart respectfully requests oral argument on this Motion.

WHEREFORE, for the foregoing reasons, as well as those set forth in the accompanying Brief in Support, which Walmart incorporates by reference, Walmart respectfully requests that the Court grant this Motion to Dismiss and dismiss the above-captioned action with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Date: November 24, 2020

Respectfully submitted,

By: */s/ Thomas E. Sanchez*
Thomas E. Sanchez (Pa. I.D. No. 311199)
Michael P. Pest (Pa. I.D. No. 312025)
ECKERT SEAMANS
CHERIN & MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
(412) 566-6000 (telephone)
(412) 566-6099 (facsimile)
tsanchez@eckertseamans.com
mpest@eckertseamans.com

Suyash Agrawal (admitted *pro hac vice*)
MASSEY & GAIL LLP
50 E. Washington Street, Suite 400
Chicago, Illinois 60602
(312) 283-1590 (telephone)
(312) 379-0467 (facsimile)

2

sagrawal@masseygail.com

Kathryn Robinette (admitted *pro hac vice*)
MASSEY & GAIL LLP
1000 Maine Ave. SW, Suite 450
Washington, D.C. 20024
(202) 652-4511 (telephone)
(312) 379-0467 (facsimile)
krobinette@masseygail.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

CHRISTOPHER LISOWSKI, on behalf of
himself and all others similarly situated,

                Plaintiff,

      v.

WALMART STORES, INC., t/b/d/a
WALMART,

                Defendant.

No. 2:20-cv-01729-NR

**CERTIFICATION**

The undersigned certifies that, on November 18, 2020, counsel for the parties met and conferred telephonically in an effort to determine whether any deficiencies in Mr. Lisowski's Complaint could be cured by amendment prior to the filing of Walmart's Motion to Dismiss. During the parties' meet and confer, Mr. Lisowski's counsel stated that Mr. Lisowski is of the view that the Court should rule on Mr. Lisowski's pending Motion to Remand before assessing Walmart's Motion to Dismiss. Given that Walmart is of the view that this Court has jurisdiction over this action and that Mr. Lisowski's Motion to Remand will not be meritorious, Walmart is of the view that it is appropriate for the Court to assess the Motion to Remand and Walmart's Motion to Dismiss in tandem.

Date: November 24, 2020

Respectfully submitted,

By: */s/ Thomas E. Sanchez*
Thomas E. Sanchez (Pa. I.D. No. 311199)
Michael P. Pest (Pa. I.D. No. 312025)
ECKERT SEAMANS
CHERIN & MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219

(412) 566-6000 (telephone)
(412) 566-6099 (facsimile)
tsanchez@eckertseamans.com
mpest@eckertseamans.com

Suyash Agrawal (admitted *pro hac vice*)
MASSEY & GAIL LLP
50 E. Washington Street, Suite 400
Chicago, Illinois 60602
(312) 283-1590 (telephone)
(312) 379-0467 (facsimile)
sagrawal@masseygail.com

Kathryn Robinette (admitted *pro hac vice*)
MASSEY & GAIL LLP
1000 Maine Ave. SW, Suite 450
Washington, D.C. 20024
(202) 652-4511 (telephone)
(312) 379-0467 (facsimile)
krobinette@masseygail.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Defendant Walmart's Motion to Dismiss was filed via the electronic filing/service system of the United States District Court for the Western District of Pennsylvania, on this 24th day of November, 2020, which will send notification of such filing to all counsel of record.

/s/ *Thomas E. Sanchez*
Thomas E. Sanchez