UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER LISOWSKI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART STORES, INC., t/d/b/a WALMART,<br><br>Defendant. | Civil Action No. 2:20-cv-01729-NR |

**DEFENDANT WALMART'S BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR REMAND**

**ORAL ARGUMENT REQUESTED**

**Introduction**

This commercial dispute is between private litigants involving claims of conversion, unjust enrichment, and violation of the Pennsylvania Unfair Trade Practice and Consumer Protection Law.  There are no claims against the Commonwealth of Pennsylvania.  Nor is there any claim seeking a tax refund from the Commonwealth.  In fact, Pennsylvania provides a statutory right to a refund of improper taxes, a full and complete remedy, and a procedure for vindicating that right. 72 P.S. §§ 7252-7253.  Mr. Lisowski has not invoked that procedure.  Thus, neither the Commonwealth, nor its tax revenues, nor its fiscal operations is at issue.  This case involves civil claims for monetary damages between private parties.

Yet Mr. Lisowski asks the Court to decline jurisdiction based on the Tax Injunction Act and the discretionary doctrine of comity.  The TIA bars a federal court from stopping a state from "assess[ing], levy[ing] or collect[ing]" taxes.  *Direct Marketing Ass'n v. Brohl*, 575 U.S. 1, 14 (2015).  Comity allows a federal court to decline to hear challenges to "the validity of the state tax system."  *Sipe v. Amerada Hess Corp.*, 689 F.2d 396, 404 (3d Cir. 1982).  Under both doctrines, a federal court should "*deny relief to [a] taxpayer*," seeking to evade the payment of taxes or invalidate a state tax system, and require the taxpayer to use the state procedures established to contest tax payments.  *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 298 (1943) (emphasis added).

In seeking remand, Mr. Lisowski attempts to turn these doctrines upside down. He does not seek to invalidate Pennsylvania's tax law or interfere with the state's collection of taxes, and he refuses to participate in the Commonwealth's administrative refund procedure.  In this case, the purported *taxpayer* is attempting to deny a statutorily-mandated federal forum to a defendant that is not the state so that the purported taxpayer can continue to prosecute damage claims in state court and evade the state's administrative procedures. The TIA does not apply here. In support of

1

his request to remand based on comity, Mr. Lisowski relies wholly on the order in *Farneth v. Walmart*, 2013 WL 6859013 (W.D. Pa. Dec. 30, 2013). ECF 12. Contrary to Mr. Lisowski's assertion at page 4 of his brief, that order is neither "precedential," nor "persuasive" nor "dispositive." *See* pp. 11-14, below.

## Background

Mr. Lisowski filed a complaint in state court against Walmart claiming conversion, unjust enrichment, and violation of the UTPCPL. ECF 1-2. The Complaint seeks damages from Walmart, alleging Walmart collected tax on the sale of two 6-packs of 5-Hour Energy even though Mr. Lisowski says they were tax exempt. ECF 1-2 ¶¶ 5-13. Mr. Lisowski alleges that the Pennsylvania Department of Revenue agrees with him that the products he purchased are exempt from tax. *Id*. ¶¶ 12-16. A judgment in Mr. Lisowski's favor would require Walmart to return to Mr. Lisowski money that, according to the Complaint, the Commonwealth agrees Walmart should not have collected.

Walmart removed under CAFA and has moved to dismiss. ECF 1, 15. As Walmart's motion explains: (1) the voluntary payment doctrine bars all of the Complaint's claims; (2) Mr. Lisowski's common law claims fail under Pennsylvania's statutory exclusivity rule, 1 P.S. § 1504; (3) Mr. Lisowski has failed to allege plausible violations of the UTPCPL; and (4) the economic loss doctrine bars his UTPCPL claim. *Id.* Thus, all of Mr. Lisowski's claims fail under well-established common law and statutory defenses—regardless of whether 5-Hour Energy and other, unspecified "dietary supplements" are, or are not, exempt from Pennsylvania's sales tax.

Mr. Lisowski has moved to remand. ECF 11-12. He does not dispute that the Complaint satisfies CAFA's jurisdictional requirements. ECF 11 ¶ 4. Rather, he asserts that the TIA deprives this Court of jurisdiction or that the Court should exercise its discretion to decline jurisdiction based

on comity, *id.* ¶¶ 8-12, even though his Complaint does not allege claims against the Commonwealth or challenge the validity of any Pennsylvania tax statute, regulation, or practice.

**Argument**

**I.     The Tax Injunction Act Does Not Apply.**

Mr. Lisowski argues that in order to adjudicate this case, this Court must "among other things, effectively enjoin the collection of sales tax, which would by definition violate the TIA." ECF 11 ¶ 10.  But Mr. Lisowski's own pleading and clear Supreme Court precedent refute this.

The TIA provides that federal district courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law." 28 U.S.C. § 1341; *see also Direct Mktg. Ass'n*, 575 U.S. at 4. The Act was "shaped by state and federal provisions barring anticipatory actions by taxpayers to stop the tax collector from initiating collection proceedings." *Jefferson Cnty. v. Acker*, 527 U.S. 423, 435 (1999).  It protects state revenue collection by "stop[ping] taxpayers, with the aid of a federal injunction, from withholding large sums, thereby disrupting state government finances."  *Hibbs v. Winn*, 542 U.S. 88, 104 (2004).  "Nowhere does the legislative history announce a sweeping congressional direction to prevent federal-court interference with all aspects of state tax administration." *Id.* at 105 (internal quotation marks and citation omitted).

In fact, the TIA permits federal courts to resolve tax-related cases as long as the court does not stop a state from collecting tax.  Accordingly, constitutional challenges to tax benefits are within federal jurisdiction, *id.* at 110 (collecting cases), as are "efforts to require collection of additional taxes, as opposed to efforts to inhibit the collection of taxes," *In re Jackson Cnty.*, 834 F.2d 150, 151 (8th Cir. 1987).  *See also Dunn v. Carey*, 808 F.2d 555, 558 (7th Cir. 1986) ("The text of § 1341 does not suggest that federal courts should tread lightly in issuing orders that might allow local governments to raise additional taxes"). The TIA does not strip federal courts of

3

jurisdiction of all cases that touch on state tax law, but rather only of those "cases Congress wrote the statute to address, *i.e.*, cases in which state taxpayers seek federal-court orders enabling them to avoid paying state taxes." *Hibbs*, 542 U.S. at 91. This is not such a case.

### A. Mr. Lisowski Does Not Seek To Enjoin Tax Collection.

The Complaint does not seek injunctive or declaratory relief, which is the TIA's threshold requirement. *Jefferson Cnty.*, 527 U.S. at 424. Rather, Mr. Lisowski seeks damages for conversion, unfair trade practices, unjust enrichment, and constructive trust. ECF 1-2 ¶¶ 19-39. He asserts that his constructive trust claim includes a request for injunctive relief. ECF 11 ¶ 10. But constructive trust is a remedy—not a cause of action. *Brock & Co. v. Kings Row Assocs.*, 2004 WL 2624864, at *4 (E.D. Pa. Nov. 17, 2004); *see also Lerario v. Provident Life & Accident Ins. Co.*, 1996 WL 532491, at *4 (E.D. Pa. Sept. 20, 1996) ("[T]he imposition of a constructive trust is not a cause of action but rather an equitable remedy that is enforced by a suit in equity. Therefore, Count VII of Lerario's Complaint seeking the imposition of a constructive trust will be dismissed."). Mr. Lisowski does not seek injunctive or declaratory relief on any of his actual claims, and the TIA does not apply to claims for damages.

Even if the Court credited the request for anticipatory relief in Mr. Lisowski's purported constructive trust claim, the TIA still does not apply. As Mr. Lisowski himself characterizes it, this is not a case about taxes, but rather "improper overcharges"—overcharges he insists *violate* Pennsylvania tax law. ECF 1-2 ¶¶ 17-18. Mr. Lisowski consequently *admits* that he does not seek to "enjoin, suspend or restrain the … collection of any tax" at all because his entire case rests on the argument that what Walmart has charged him is not tax. 28 U.S.C. § 1341; ECF 1-2 ¶¶ 12-17. After all, if Mr. Lisowski were seeking to enjoin the collection of a tax, he would have proceeded against the Commonwealth – which is the taxing authority – and used the procedure Pennsylvania

4

specifically established for such a challenge. 72 P.S. §§ 7252-7253. The fact that he ignored that statutorily-prescribed process to instead bring common law claims for damages in the Court of Common Pleas confirms that he does not seek to restrain the collection of a tax. Thus, the substance of Mr. Lisowski's complaint refutes his argument that this case seeks to prevent the Commonwealth from collecting tax.

### B. Courts Consistently Have Declined to Apply The TIA In Similar Circumstances.

Courts in other jurisdictions presented with nearly identical attempts to impose liability on retailers for alleged overcharges have concluded that preventing the collection of monies that the state does not consider taxes (as the Complaint alleges) falls well outside the TIA's purview. In *Waters v. Home Depot USA, Inc.*, for example, the district court held that the TIA did not bar it from hearing a putative class action alleging deceptive practices, unjust enrichment, and negligence on behalf of consumers who "'were charged tax monies at the higher sales tax rate rather than the lower use tax rate'" 446 F. Supp. 3d 484, 487 (E.D. Mo. 2020) (Limbaugh, J.). Despite plaintiff's argument that the TIA required remand because he sought "injunctive and declaratory relief. . . the effect [of which] would be to stop the flow of Missouri state tax revenues," the *Waters* court concluded that "[s]uch a case does not restrain either the assessment or collection of tax by Missouri; rather, it effectuates those efforts." *Id.* There, as here, the court was "only being asked to see that" the retailer "pays the tax actually imposed by [state] law and, if necessary, refund overpayments to its customers." *Id.* at 491.

The Seventh Circuit rejected a similar attempt in *In re Wal-Mart Stores, Inc.*, 2009 WL 7823752, at *1 (7th Cir. Nov. 12, 2009). In reversing a district court's remand order, the court explained that it "fail[ed] to see how a suit against a private party could challenge the validity of a tax, given that private parties do not have the power of taxation." *Id.* The court "ha[d] not found

5

another case where the parties even argued, let alone the court agreed, that the TIA prevented a private dispute from being adjudicated in federal court." *Id.* (reversing remand order where plaintiff was not "suing the state or one of its units for a tax refund" but rather "a retailer for withholding money that it collected from him when he made a purchase").

Mr. Lisowski relies on *Sipe*, 689 F.2d 396, to argue that "a district court cannot maintain jurisdiction over a case that would require it to determine the proper interpretation of tax laws and regulations before ruling on the merits." ECF 11 ¶¶ 12-13.  But that was not *Sipe*'s holding.  There, the court applied the TIA to a claim seeking a declaration that a New Jersey tax violated federal law, and an injunction preventing enforcement.  The plaintiffs in *Sipe* conceded their employer was obligated by New Jersey law to withhold taxes.  And New Jersey participated in the case, defending its statute and seeking dismissal under the TIA. 689 F.2d at 401.  Mr. Lisowski does not challenge the validity of the Commonwealth's sales tax; nor does he seek an injunction preventing its future collection.  And in marked contrast to the plaintiffs in *Sipe*, Mr. Lisowski specifically argues that state law does *not* obligate him to pay what Walmart charged.  ECF 1-2 ¶¶ 12-17.

Applying the TIA to this suit—a damages claim between private litigants predicated on supposedly improper overcharges—"would be inconsistent not only with the text of the statute but also with [the] rule favoring clear boundaries in the interpretation of jurisdictional statutes." *Direct Mktg. Ass'n*, 575 U.S. at 11 (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010)).  Where, as here, adjudicating Mr. Lisowski's claims does not require the district court to "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law," § 1341, the TIA imposes no jurisdictional bar.

**II.     The Court Should Not Decline Jurisdiction Based On Comity.**

Mr. Lisowski alternatively asks the Court to exercise its discretion to decline jurisdiction based on the comity doctrine.  ECF 11 ¶ 8.  But comity plays no role here because Mr. Lisowski's

6

claims do not challenge the state's taxing scheme or any of its tax collection decisions. Comity principles do not stop this Court from resolving common law and statutory claims brought by one private party against another merely because a state's tax law may be relevant to the outcome.

### A. Comity Does Not Apply Because Mr. Lisowski Is Not Challenging The State's Tax Law Or Collection Practice.

"The comity doctrine is nonjurisdictional." *Direct Marketing*, 575 U.S. at 15. It is one of the rare exceptions to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colo. River Water Consv. Dist. v. United States*, 424 U.S. 800, 817 (1976). Like other abstention doctrines, it arises from "principles of federalism." *Nat'l Private Truck Council, Inc. v. Okla. Tax Comm'n*, 515 U.S. 582, 586 (1995).[1] The Supreme Court long ago explained the core federalism concern at the heart of the doctrine: Because "[i]t is upon taxation that the several States chiefly rely to obtain the means to carry on their respective governments, …. Congress and this Court repeatedly have shown an aversion to federal interference with state tax administration." *Id.* (quoting *Dows v. Chicago*, 11 Wall. 108, 110 (1871)). Thus, comity serves to "prevent federal court interference with the assessment and collection of state taxes" and to direct challenges to tax collection toward "adequate state remedies." *Hardwick v. Cuomo*, 891 F.2d 1097, 1104 (3d Cir. 1989).

As a discretionary exception to the Court's duty to hear legal claims within its jurisdiction, comity is tethered to its federalist underpinnings. *See Z & R Cab, LLC v. Phila. Parking Auth.*, 616 F. App'x 527, 534 (3d Cir. 2015) (AMBRO, J., concurring) ("The doctrine of comity has not spread far from its historical roots in the reluctance to interfere with state tax laws."). Consequently,

---

[1] *See*, *e.g.*, *Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941) (federal court may abstain to allow state court to interpret state statute); *Younger v. Harris*, 401 U.S. 37 (1971) (federal court may abstain in deference to ongoing state court proceeding; *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) (federal court should refrain from exercising jurisdiction where doing so would interrupt a state's regulatory scheme).

7

every Supreme Court and Third Circuit case in which comity prevailed over an express grant of federal jurisdiction involved a challenge to the validity of a *state's* imposition or collection of a tax. *See Matthews v. Rodgers*, 284 U.S. 521, 523 (1932) (alleging "the tax imposed by the state statute is, as to them, an unconstitutional burden on interstate commerce"); *Great Lakes*, 319 U.S. at 296 ("complaint seeks a judgment against a state officer to prevent enforcement of a state statute"); *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981) (rejecting § 1983 action that challenged "the validity of state tax systems in federal court[ ]"); *Sipe*, 689 F.2d at 403 (comity may apply where the claim "could not succeed without a determination as to the underlying validity of the state tax scheme"); *Kerns v. Dukes*, 153 F.3d 96, 102 (3d Cir. 1998) (seeking to enjoin public officials from "charging or assessing said members of the class for the costs of creating, constructing, maintaining and operating said sewer district"); *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 417 (2010) ("This case presents the question whether a federal district court may entertain a complaint of allegedly discriminatory state taxation …").

Here, Mr. Lisowski does not challenge a tax statute, rule, regulation, or any decision by a state taxing authority. He does not seek to compel the Commonwealth's taxing authority to take any action. And none of his claims arise under the tax code. Rather, he seeks the return of what he characterizes as "overcharges" that he paid to Walmart. ECF 1-2 ¶¶ 17-18. The validity of Pennsylvania's tax law is not at issue, and the Complaint does not challenge any enforcement or collection decision by the taxing authority.

### B. Plaintiff's Claims Do Not Turn On Pennsylvania Tax Law.

The only connection between the Complaint and Pennsylvania tax law is that Mr. Lisowski argues that Pennsylvania tax law supports his common law claims. ECF 1-2 ¶¶ 13-17. He asks this Court to abandon its jurisdiction because addressing this argument may require the Court "to construe and interpret" state tax "guidance and regulations, determine the weight to give that

guidance, and then apply its analysis to a state tax regime." ECF 11 ¶ 12. This, in turn, would "require the Court to improperly assess (even if indirectly) the validity of the Pennsylvania Tax Code." *Id.* This argument is not factually correct but, even if it were, it would not establish a sound basis for the Court to decline jurisdiction.

To start, as Walmart's motion to dismiss shows, Mr. Lisowski's common law and statutory claims are subject to numerous dispositive common law and statutory defenses, including the voluntary payment doctrine, statutory exclusivity, the economic loss doctrine, and Mr. Lisowski's failure to allege a plausible UTPCPL claims. *See* ECF 16 at 4-20. Mr. Lisowski's claims can be resolved without this Court deciding whether Walmart correctly withheld tax on 6-packs of Five-Hour Energy or other "dietary supplements." Accordingly, this case does not require the Court to consider, much less "assess … the validity of[,] the Pennsylvania Tax Code." ECF 11 ¶ 12.

In addition, even assuming Mr. Lisowski's claims survive a motion to dismiss, the taxability of 6-packs of 5-Hour Energy still likely will not determine the outcome of this case. This is so because Mr. Lisowski's claims do not depend on whether Walmart got the tax right; rather, his common law and statutory causes of action fail unless he proves Walmart *improperly and deceptively* got it wrong, and thereby collected money without his consent. ECF 1-2 ¶¶ 21-22, 27, 36-37. Even if Walmart was wrong about the tax, it is not liable under Mr. Lisowski's common law theories, so long as it was honestly wrong. Mr. Lisowski's claims therefore do not turn on the tax question, but instead on whether Walmart deceived him.

Moreover, where a taxing statute is susceptible to alternative reasonable interpretations, the scienter necessary to prove a consumer fraud claim is missing. *Anderson v. State Farm Mut. Auto. Ins. Co.*, 416 F.3d 1143, 1149 (10th Cir. 2005) (holding defendant "did not engage in a deceptive trade practice" where its position "reflected a reasonable interpretation of the existing case law,

9

[and] it did not either make any representations which it knew or should have known to be false or act with reckless disregard"); *Lee v. Nationwide Cassel, L.P.*, 675 N.E.2d 599, 604 (Ill. 1996) ("an erroneous interpretation of [the statute]" and an "uncertainty about the applicable law" cannot form the basis for claim of deception, fraud, or misrepresentation). Thus, Mr. Lisowski's claims fail if there is any question about taxability, but to prevail, he must prove that clear state guidance establishes that 6-packs of 5-Hour Energy are unambiguously not taxable. That this Court conceivably could reach this question does not favor declining jurisdiction because resolution in Mr. Lisowski's favor would merely confirm the theory in his complaint that this case does not involve taxes, but unlawful overcharges.

Significantly, although Mr. Lisowski asserts a purported dispute over Pennsylvania's sale tax law as a basis for remand, he deliberately chose *not* to invoke the very procedures Pennsylvania provides for resolving sales tax disputes and obtaining a refund. *See* ECF 16 at 9 (describing Pennsylvania's statutory refund procedure). He is simultaneously asking this Court to refrain from exercising jurisdiction in deference to Pennsylvania's "adequate procedures for securing to taxpayers the recovery of illegally exacted taxes," while carefully evading that very procedure. ECF 11 ¶ 15 (quoting *Farneth*, 2013 WL 6859013, at *6). The fact that Mr. Lisowski brought statutory and common law claims asserting theories of liability that do not arise under the tax code, while assiduously avoiding the procedures for resolving tax claims, is compelling evidence that tax questions are collateral to his claims.

Walmart's motion to dismiss makes clear that Mr. Lisowski's Complaint fails under numerous common law and statutory defenses. Moreover, Mr. Lisowski's claims fail even if Walmart misinterpreted the sales tax exemption, so long as it did so honestly. Mr. Lisowski's unilateral, self-serving reference to Pennsylvania tax law – while evading the procedures for

resolving claims arising under Pennsylvania tax law – does not give Pennsylvania an interest in the resolution of Mr. Lisowski's claims sufficient to justify comity from this Court.

**III.     *Farneth* Is Distinguishable, Non-Precedential, And Unpersuasive.**

For the reasons discussed above, this Court's jurisdiction is not barred by the TIA, nor should this Court decline to exercise its authority based on comity. In support of his remand request, Mr. Lisowski relies on *Farneth v. Wal-Mart Stores, Inc.*, 2013 WL 6859013 (W.D. Pa. Dec. 30, 2013). In *Farneth*, the court remanded a complaint alleging Walmart improperly charged tax on the pre-discount price when the customer used a "buy one get one free" coupon. *Id.* at *1. The court relied on a "confluence of factors" to support its decision to decline jurisdiction. *Id.* at *3. Those factors are simply not present here. Thus, the non-precedential order in *Farneth* does not control.

First, in *Farneth*, the plaintiff specifically sought injunctive relief barring the defendant from "remitting certain already-collected Pennsylvania Sales Tax monies to the Department of Revenue." *Id.* at *2 n.4. The plaintiff in *Farneth* further demanded that the defendant amend its tax returns and "seek from that Department a refund of previously remitted Sales Tax to be used to make refunds to the putative class." *Id.* As the court in *Farneth* noted, this robust request for affirmative injunctive relief "was aimed directly at stopping the collection and remittance of Sales Tax …, a central concern of the TIA." *Id.* at *6 n.17. The plaintiff here seeks no such relief.

Second, the "foundation" of the plaintiff's motion to remand in *Farneth* was that "the Commonwealth may well be an indispensable party" to the action. *Id.* at *5. In subsequent proceedings in state court after remand, however, Mr. Farneth reversed his position, and successfully opposed joining the Department as a defendant. *See* Exs. A and B. Mr. Lisowski is represented by the same counsel as the plaintiff in *Farneth*, yet he did not sue the Commonwealth,

11

nor did he allege that Walmart was acting as the Commonwealth's agent. To the contrary, Mr. Lisowski contends that Walmart acted "[n]otwithstanding [Pennsylvania's] clear directive." ECF 1-2 ¶ 14. Therefore, unlike in *Farneth*, Mr. Lisowski does not want the case remanded because the Commonwealth should be a party.

Third, in *Farneth*, the defendant *agreed* that Pennsylvania's taxing authority would have to resolve a predicate issue of Pennsylvania tax law to resolve the plaintiff's underlying claims. The defendant in *Farneth* specifically moved to stay the action, and the "entire basis of" that motion was to allow "the Department of Revenue [to] administratively determine whether Wal-Mart properly collected Sales Tax." *Id.* at *6. *See also id.* at *3 n.8 (explaining that the defendant acknowledged the primacy of tax law by relying on Department interpretation of disputed regulation). In remanding the case, the court in *Farneth* relied on the defendant's "belie[f] that Pennsylvania law and proceedings supply … [the] most appropriate remedy available for the adjudication of the relevant claims." *Id.* at *5. Here, by contrast, Walmart's motion to dismiss makes clear that Mr. Lisowski's Complaint fails for multiple reasons wholly unrelated to the interpretation of state tax law.

Lastly, to the extent the court in *Farneth* relied on comity to avoid potentially having to resolve "competing interpretations of Sales Tax regulations," it expanded the doctrine beyond its origin, purpose, and subsequent application. *Id.* at *5. Comity simply does not bar a federal court from considering state tax law. Federal courts regularly interpret state tax statutes, as they do any other statute, when necessary to resolve cases properly before them. *See*, *e.g.*, *Feldman v. H.A. Berkheimer, Inc.*, 637 F. App'x 63, 64 (3d Cir. 2016) (affirming dismissal of taxpayer's claim against tax preparer, and holding that contributions to retirement account were taxable income under Pennsylvania Tax Reform Code of 1971); *Kunkel's Estate v. United States*, 689 F.2d 408,

417 (3d Cir. 1982) (construing Pennsylvania inheritance tax statute); *In re Twisteroo Soft Pretzel Bakeries, Inc.*, 21 B.R. 665, 665 (Bankr. E.D. Pa. 1982) (holding that debtors sales fit within exemption to Pennsylvania sales and use tax under Pennsylvania Tax Reform Code).

No court has ever relied on *Farneth's* comity analysis, while other courts, in indistinguishable circumstances, have resolved legal claims against private parties notwithstanding the plaintiffs' argument that their common law claims turned on issues of state tax law. As Judge Limbaugh explained in *Waters*, "[t]he fact is, merely *applying* Missouri law is not the standard for remand under the comity doctrine. Instead, as the Supreme Court instructs, comity precludes federal jurisdiction 'only when plaintiffs have sought district court aid in order to arrest or countermand state tax collection.'" 446 F. Supp. 3d at 488 (*quoting Hibbs*, 542 U.S. at 107) (emphasis in original).

Similarly, in *Brinkmann v. AMB Onsite Servs. W., Inc.*, 2017 WL 2901932 (D. Or. June 30, 2017), the plaintiff brought a wage and hour complaint based on his employer's alleged over-deduction of workers' benefit fund assessments, which he alleged was contrary to Oregon law. *Id*. at *1. Addressing the plaintiff's comity argument on a motion to remand, the court held: "[A] determination in this case that Defendant incorrectly deducted the WBF assessment from employee's paychecks would not stop the flow of tax revenue into Oregon's coffers; *i.e.*, Defendant would still continue to deduct the WBF assessment, but it would do so at the correct rate or in the correct amount. The injunctive relief that Plaintiff seeks merely precludes the state from receiving monies it was not entitled to receive in the first place." *Id*. at *4 (emphasis added). The same is true here. Mr. Lisowski does not seek to stop the flow of sales tax to the Commonwealth; he only asks that Walmart cease collecting and remitting charges that, according to Mr. Lisowski, the Commonwealth does not believe it is entitled to receive at all.  ECF 1-2 ¶¶ 10-15.

*Great Lakes*, 319 U.S. at 298, and *Tr. Co. of N. Am v. Bristol Township Auth.*, 47 F. Supp. 2d 563, 569 (E.D. Pa. 1999), do not support Mr. Lisowski's assertion that this Court cannot "construe and interpret the [Department's] guidance and regulations." ECF 11 ¶ 12. *Great Lakes* involved a claim against a state official alleging an unconstitutional-as-applied challenge to a state tax law. That is a far cry from this private dispute that *might* concern the interpretation of a narrow tax exemption. *Trading Company of North America* similarly involved a claim brought directly against a taxing authority and its officials, which required the court to assess "the legitimacy of the revenue collection practices of a state entity that is directly assessing charges." 47 F. Supp. 2d at 569. Mr. Lisowski does not ask the Court to assess the legitimacy of the Commonwealth's, or any state actor's, collection practices.

The plaintiff here does not challenge a taxing scheme. *See Sipe*, 689 F.2d at 404. Nor does he propose a remedy that would enjoin the state or increase a competitor's tax burden or present a "remedial choice" better suited to "state authorities." *Levin*, 560 U.S. at 427. "The comity doctrine is unsuited to cases—such as this one—where state legislative prerogatives are not at stake." *Z & R Cab*, 616 F. App'x at 532. (AMBRO, J., concurring).

## Conclusion

For the foregoing reasons, Mr. Lisowski's motion for remand should be denied.

Date: November 24, 2020                        Respectfully submitted,

By: */s/ Thomas E. Sanchez*
Thomas E. Sanchez (Pa. I.D. No. 311199)
Michael P. Pest (Pa. I.D. No. 312025)
ECKERT SEAMANS
CHERIN & MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
(412) 566-6000 (telephone)
(412) 566-6099 (facsimile)
tsanchez@eckertseamans.com
mpest@eckertseamans.com

Suyash Agrawal (*pro hac vice*)
MASSEY & GAIL LLP
50 E. Washington Street, Suite 400
Chicago, Illinois 60602
(312) 283-1590 (telephone)
(312) 379-0467 (facsimile)
sagrawal@masseygail.com

Kathryn Robinette (*pro hac vice*)
MASSEY & GAIL LLP
1000 Maine Ave. SW, Suite 450
Washington, D.C. 20024
(202) 652-4511 (telephone)
(312) 379-0467 (facsimile)
krobinette@masseygail.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Walmart's Brief in Opposition to Plaintiff's Motion for Remand was filed via the electronic filing/service system of the United States District Court for the Western District of Pennsylvania, on this 24th day of November, 2020, which will send notification of such filing to all counsel of record.

                                                                   */s/ Thomas E. Sanchez*
                                                                   Thomas E. Sanchez