IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER LISOWSKI, on behalf of himself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART STORES, INC., t/d/b/a WALMART,<br><br>Defendant. | 2:20-cv-1729-NR |

# MEMORANDUM OPINION

## J. Nicholas Ranjan, United States District Judge

Before the Court is Plaintiff Christopher Lisowski's motion to remand based on the Tax Injunction Act and principles of comity. ECF 11. After considering the parties' briefs and oral argument, the Court denies the motion to remand.

## BACKGROUND

Mr. Lisowski sued Walmart in state court for conversion, unjust enrichment, and violation of the Unfair Trade Practices and Consumer Protection Law. ECF 1-2. The complaint alleges that Walmart improperly collected sales tax on two, 6-packs of "5-Hour Energy" supplements purchased by Mr. Lisowski. ECF 1-2 ¶¶ 5-13. Mr. Lisowski alleges that 5-Hour Energy drinks are tax-exempt "Dietary Supplements and Substitutes" under 61 Pa. Code § 58.1. ECF 1-2 ¶ 12. He further alleges that the Pennsylvania Department of Revenue gave "express notice" that "dietary supplements and substitutes, in any form" are exempt from tax. ECF 1-2 ¶¶ 12-13.

On November 12, 2020, Walmart removed the case to this Court under the Class Action Fairness Act. *See* 28 U.S.C. § 1332, § 1441, § 1453. Mr. Lisowski moved to remand. ECF 11. The matter is now fully briefed and ready for decision.

## DISCUSSION & ANALYSIS

Federal district courts have limited jurisdiction. They "may not exercise jurisdiction absent a statutory basis." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). What's more, "removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Manning v. Merill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 162 (3d Cir. 2014). Thus, a defendant who removes a case "carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court." *Id.* Remand to state court is "required" if, at any time before final judgment, "it appears that the district court lacks subject matter jurisdiction" over a removal case. *Hoffman v. Nutraceutical Corp.*, 563 Fed. App'x 183, 185 (3d Cir. 2014). Additionally, statutes conferring federal jurisdiction, such as CAFA, must "be read with sensitivity to federal-state relations and wise judicial administration." *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 423 (2010). At the same time, the Court is mindful to proceed with due caution when asked to remand a case, "lest it erroneously deprive a defendant of the right to a federal forum." *Hunter v. Greenwood Tr. Co.*, 856 F. Supp. 207, 211 (D.N.J. 1992).

The parties do not dispute that CAFA's threshold jurisdictional requirements are satisfied. And the Court has reviewed the complaint and notice of removal and agrees that CAFA's requirements are, in fact, satisfied. *See Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) ("We must nevertheless satisfy ourselves that federal subject matter jurisdiction exists in the first instance."). Instead, Mr. Lisowski argues that remand is required by the Tax Injunction Act and related principles of comity. The Court disagrees, for the four following reasons.

**First**, the Tax Injunction Act does not apply. The TIA provides that federal district courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law." 28 U.S.C. § 1341. The complaint here does not seek an injunction ordering the Commonwealth of Pennsylvania or any other taxing authority

to suspend the collection of any tax. Nor could it, because the Commonwealth of Pennsylvania is not a defendant here. The Court is unaware of any precedential case, certainly in this Circuit, where the TIA has been applied to claims between private parties that did not seek to invalidate state tax laws or collection practices. *See Wright v. Linebarger Googan Blair & Sampson, LLP,* 782 F. Supp. 2d 593, 605 (W.D. Tenn. 2011) ("Linebarger has not cited any authority for the proposition that the TIA insulates a private party from suit in federal court, and the limited authority available suggests the opposite.") (citation omitted)*; cf. Sipe v. Amerada Hess Corp.*, 689 F.2d 396, 404 (3d Cir. 1982) ("Plaintiffs' argument that this action is one between private parties which does not implicate the comity concerns of the Tax Injunction Act is unpersuasive. Although the original complaints named only the shipowners as defendants, the amended complaint by Henderson named New Jersey as a defendant, and the state has been joined as a third party defendant to the other two actions.").

**Second**, even if the TIA were to apply to a case involving two private parties, the complaint here does not seek an injunction that would restrain the collection of a tax—which is necessary to trigger the TIA. With respect to the injunctive relief in the complaint, Mr. Lisowski asks this Court to impose a constructive trust, and to order Walmart to "cease and desist" collecting the sales tax. The TIA does not forbid this type of injunctive relief. *See Direct Mktg. Ass'n v. Brohl,* 575 U.S. 1, 11–12 (2015) (recognizing that "the TIA is not keyed to all activities that may improve a State's ability to assess and collect taxes. Such a rule would be inconsistent not only with the text of the statute, but also with our rule favoring clear boundaries in the interpretation of jurisdictional statutes. The TIA is keyed to the acts of assessment, levy, and collection themselves.") (cleaned up).

Mr. Lisowski argues that the consequence of his requested relief would be to reduce tax money going to Pennsylvania, and thus, indirectly, this would have an effect on what the Commonwealth collects by way of taxes. But Mr. Lisowski forgets

that his complaint assumes that no tax is owed to begin with; the injunctive relief he seeks, if granted, is necessarily premised on this fact. Thus, if he prevails here, it would have no effect on the Commonwealth's coffers.

Moreover, Mr. Lisowski misunderstands the concerns underlying the TIA. The TIA is not automatically triggered because the end result of a lawsuit will be less revenue for the government. The TIA is concerned with taxpayers filing suits that, if successful, would reduce their own tax liability. *See Levin*, 560 U.S. at 425 (noting that the TIA "restrained state taxpayers from instituting federal actions to contest their own liability for state taxes, suits that, if successful, would deplete state coffers") (cleaned up); *Hibbs v. Winn*, 542 U.S. 88, 107 (2004) ("In sum, this Court has interpreted and applied the TIA only in cases Congress wrote the Act to address, i.e., cases in which state taxpayers seek federal-court orders enabling them to avoid paying state taxes.").

This isn't a lawsuit where the taxpayer is seeking an injunction to reduce his tax liability. Rather, it's a lawsuit where the taxpayer, if successful, would receive damages from a private-party defendant, and an injunction as against that defendant to stop further unlawful conduct. Any tax liability as between the taxpayer and the Commonwealth is not at issue. The TIA is not implicated by the mere fact that, in the end, the Commonwealth may not receive tax money it is allegedly not owed (and allegedly does not claim to be owed) in the first place. *See BellSouth Telecommc'n, Inc. v. Farris*, 542 F.3d 499, 503–04 (6th Cir. 2008) ("The Act does not strip federal courts of jurisdiction over all claims that might, after this or that happens, have some negative impact on local revenues; it strips jurisdiction over claims seeking to enjoin the collection of State 'tax revenue.'").

**Third**, comity also does not apply. Comity, in the tax context, serves to "prevent federal court interference with the assessment and collection of state taxes" and to direct challenges to tax collection toward "adequate state remedies." *Hardwick*

*v. Cuomo*, 891 F.2d 1097, 1104 (3d Cir. 1989). Importantly, this doctrine applies where taxpayers are challenging the validity of a tax law, such as a broad attack on a tax statute for violating federal statutory or constitutional rights. *See, e.g.*, *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 106 (1981) (comity required federal court to decline to hear challenge to constitutionality of St. Louis County property-tax collection practices of assessing properties with new improvements at a higher percentage of market value than those without and of targeting those who successfully appeal tax assessments for reassessment); *Sipe*, 689 F.2d at 400 (comity required federal court to decline to hear claim that employers violated 46 U.S.C. § 601 by withholding wages to satisfy New Jersey's unemployment compensation and temporary disability laws).

Here, in contrast, there is no challenge as to the validity of any tax provision— *i.e.*, a challenge that the Commonwealth lacked or exceeded its authority in imposing a tax. This Court may, at some point in this case, be asked to interpret state tax laws to determine whether Walmart engaged in unfair trade practices. But there's a difference between, on one hand, interpreting a state tax law in order to adjudicate unfair-trade claims and determine liability as between two private parties, and, on the other hand, declaring a state tax law to be invalid. Only this latter scenario counsels in favor of federal-court restraint.

Indeed, a telltale sign that comity does not work here is the unworkable nature of the relevant considerations that ordinarily would guide the Court's discretion to remand. That is, the Supreme Court has provided guidance as to the "confluence of factors" that a district court is to consider in applying principles of comity.[1] But none

---

[1] *See Z & R Cab, LLC v. Philadelphia Parking Auth.*, 616 F. App'x 527, 531 (3d Cir. 2015) ("The *Levin* Court identified several factors a federal court might weigh in deciding whether to refrain, based upon comity, from deciding such a case, namely whether: (1) the challenged law concerned 'commercial matters over which' the state 'enjoys wide regulatory latitude'; (2) the suit requires adjudicating 'any fundamental

of those factors can be applied in any coherent manner here because they all are meant to be applied to a case in which there is a broader challenge to the validity of a tax law. This is further indication that comity is ill-fitting to a case like this one.

***Fourth***, even if this case were one in which comity principles would apply, the Court declines to exercise its discretion to remand. In applying (or attempting to apply) the somewhat ill-fitting "confluence of factors" here, there is nothing unique, complex, or particularly tax-centric about this case. Both sides concede that the case doesn't implicate any complex tax-law issues. State law either exempts 5-Hour Energy supplements, or it doesn't. Walmart argues that the Court may not even have to reach any of the tax-law issues to decide the case. And for his part, Mr. Lisowski suggests in his complaint that the tax-law issues have already been resolved by the Commonwealth. As to the claims at issue in the complaint, they are state-law claims that are adjudicated in federal court all the time. Finally, whether in state or federal court, the remedies for any violations can be fashioned in similar manners. After weighing these factors, the Court concludes that there is not enough to warrant setting aside a congressional command under CAFA to take jurisdiction over this case.[2]

---

right or classification' to which heightened scrutiny applies; (3) the state courts are 'better positioned than their federal counterparts to correct any violation' and provide a remedy; and (4) more than one potential remedy could adequately redress the alleged constitutional defect.") (citing *Levin*, 560 U.S. at 431–32).

[2] Mr. Lisowski relies heavily on the unreported opinion of a member of this Court in *Farneth v. Wal-Mart Stores, Inc.*, No. 2:13-cv-01062, 2013 WL 6859013 (W.D. Pa. Dec. 30, 2013) (Hornak, C.J.). In that case, Chief Judge Hornak, applying comity principles, remanded the case to state court. To be sure, *Farneth* is similar to this case. But from the Court's review of Chief Judge Hornak's analysis, his discretionary decision to remand was largely motivated by a threshold dispute over an interpretation of a tax opinion letter and the plaintiff's view that the Commonwealth of Pennsylvania would be an indispensable party to be joined to the case—factors that are absent in this case. *See id.* at *5 ("At oral argument, the Plaintiff conceded that because the central issue in this case is the proper interpretation of a Pennsylvania Department of Revenue Regulation, the Commonwealth may well be an

## **CONCLUSION**

For the above reasons, the Court will deny Mr. Lisowski's motion to remand and retain jurisdiction over this case.  An appropriate order will follow.

DATE: January 7th, 2021                                           /s/ *J. Nicholas Ranjan*
                                                                                  United States District Judge

---

indispensable party to this action."); *id*. at * 3 n. 8 ("Plaintiff and Wal–Mart are precisely at odds as to what they assert the Regulation obligated Wal–Mart to do as to this purchase.").